# Gott, Jailer of McCracken County v. County of Mc-Cracken, et al.

(Decided May 1, 1925.)

## Appeal from McCracken Circuit Court.

Prisons—County Not Liable for Jailer's Fees for Commitment, Dieting, and Release of Prisoners Committed to County Jail by Police Court.—Under Ky. Stats., sections 1730, 3155, city and not county is liable for county jailer's fees for commitment, dieting, and release of Prohibition Law violators committed to him by police court of second class city.

L. B. ALEXANDER for appellant.

F. E. GRAVES and A. Y MARTIN for appellees

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The plaintiff below, having been denied a judgment which he sought against the county of McCracken, has appealed. Plaintiff is the jailer of McCracken county, Kentucky, and between and including the dates of March 24, 1923, and January 22, 1924, there were committed to him as jailer, by the judge of the police court of Paducah, Kentucky, various prisoners, convicted of violating the prohibition law, and the plaintiff's fees for the commitment, dieting and release of these prisoners amounted to the sum of $812.20, and as this claim was not paid, the plaintiff began this suit against McCracken county and the city of Paducah, alleging that these prisoners had been committed to his custody by the judge of the Paducah police court and that he had kept, dieted and released them as directed, and that his fees therefor amounted to the sum prayed for.

This case was heard on February 22, 1924, and resulted in a judgment against the city of Paducah for $812.20, and by that judgment the plaintiff's petition as to the county of McCracken was dismissed. From the judgment dismissing his petition as to McCracken county, he has appealed.

Paducah is a city of the second class. By section 3155 of the statutes, it is provided that in cities of the second class all fines and penalties and costs collected in the police court shall be for the use and benefit of the

city. By section 1730 of the statutes, the fees allowed to jailers are fixed, and in that we find the following:

"The fees of the jailers shall be . . . paid out of the county levy, unless confined . . . for violation of a statute, where the city or town gets the benefit of the fine; in that case to be paid by such city or town."

Therefore, the trial court did not err when it allowed the plaintiff's account against the city of Paducah, and refused to allow this account against the county of Mc-Cracken.